STATE of Missouri, Respondent,

v.

Leslie Wen PHILLIPS, Appellant.

No. 9878.

Missouri Court of Appeals, Springfield District.

Jan. 20, 1976.

534

John C. Danforth, Atty. Gen., K. Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

O. J. Taylor, Ronald Baird, Taylor, Stafford & Gannaway, Springfield, for appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

The limited issue on appeal is the validity vel non of a search warrant issued by a judge of the Magistrate Court of Greene County upon the verified complaint (labeled "Application") of the prosecuting attorney and an affidavit of an investigator in the prosecutor's office. § 195.135–1; Rule 33.-01.[1] The application and affidavit appear in extenso in the appendix to this opinion. Local police executed the warrant by entering Room 302 at the Holiday Inn in Springfield (Rule 33.02), and seized, inter alia, packets of heroin. Via motion to suppress (Rule 33.03) and continuing objections throughout the jury-waived trial, defendant sought to thwart introduction of the evidence obtained in execution of the search warrant. The motion and objections were overruled: the evidence was admitted. Defendant was found guilty of possessing heroin (§§ 195.017–2(3)(j) and 195.020) and sentenced to imprisonment for four years. § 195.200–1(1).

■ In judging of the validity of a search warrant, it is elementary that a reviewing court should consider only the information brought to the attention of the issuing magistrate in the form required by Rule 33.01. Evidence extraneous to that thus given the magistrate is to be ignored. *Aguilar v. Texas,* 378 U.S. 108, 109, n. 1, 84 S.Ct. 1509, 12 L.Ed.2d 723, 725, n. 1[1] (1964); 79 C.J.S. Searches and Seizures § 74f(1), p. 872.

■ Under the Fourth Amendment of the Constitution of the United States, whose proscriptions are enforced against the States through the Fourteenth Amendment [*Ker v. California,* 374 U.S. 23, 33, 83 S.Ct. 1623, 10 L.Ed.2d 726, 738[7] (1963)], a magistrate "may not properly issue a warrant to search . . . unless he can find probable cause therefor from *facts or circumstances* presented to him under oath or affirmation. Mere affirmance of belief or suspicion is not enough" (emphasis ours)

[*Nathanson v. United States,* 290 U.S. 41, 47, 54 S.Ct. 11, 13, 78 L.Ed. 159, 162 (1933)], and the magistrate "should not accept without question the complainant's mere conclusion . . . ." *Giordenello v. United States,* 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503, 1509[10] (1958). Nevertheless, "the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. . . . Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area." *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689[7] (1965).

■ "While a warrant may issue only upon a finding of 'probable cause,' . . . 'the term "probable cause" * * * means less than evidence which would justify condemnation,' . . . and . . . a finding of 'probable cause' may rest upon evidence which is not legally competent in a criminal trial." *United States v. Ventresca,* supra, 380 U.S. at 107, 85 S.Ct. at 745, 13 L.Ed.2d at 688[2, 3]. Therefore, hearsay may be the basis for issuance of a search warrant "so long as there was a substantial basis for crediting the hearsay." *Jones v. United States,* 362 U.S. 257, 272, 80 S.Ct. 725, 736, 4 L.Ed.2d 697, 708 (1960). However, as stated in the concurring opinion of Mr. Justice White in *Spinelli v. United States,* 393 U.S. 410, 425, 89 S.Ct. 584, 593, 21 L.Ed.2d 637, 649 (1969), "If the affidavit rests on hearsay—an informant's report— what is necessary under *Aguilar* [supra] is one of two things: the informant must declare either (1) that he has himself seen or perceived the fact or facts asserted; or (2) that his information is hearsay, but there is good reason for believing it—per-

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and to Missouri Supreme Court Rules of Criminal Procedure, V.A.M.R.

haps one of the usual grounds for crediting hearsay information. The first presents few problems: since the report, although hearsay, purports to be first-hand observation, remaining doubt centers on the honesty of the informant, and that worry is dissipated by the [deposer's] previous experience with the informant. The other basis for accepting the informant's report is more complicated. But if, for example, the informer's hearsay comes from one of the actors in the crime in the nature of admission against interest, the affidavit giving this information should be held sufficient."

■ If, as here, the complaint and affidavit are based on hearsay information, the judge or magistrate before issuing the search warrant "must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the [deposers] concluded that the [unidentified] informant . . . was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead . . . as in this case, by an unidentified informant." *Aguilar v. Texas,* supra, 378 U.S. at 114–115, 84 S.Ct. at 1514, 12 L.Ed.2d at 729[9].

■ Although several affidavits have been tested, in part, upon allegations that the informants had previously given correct information (e. g., *Jones v. United States,* supra, 362 U.S. at 268–269, 80 S.Ct. 725, 4 L.Ed.2d at 706–707), such averments are not absolutely essential. The final test is whether the *present* information, as reasonably corroborated by other matters within the deposer's personal knowledge (*Jones,* supra, 362 U.S. at 269, 80 S.Ct. 725,

4 L.Ed.2d at 707[14]), is truthful or reliable. *United States v. Harris,* 403 U.S. 573, 581–582, 91 S.Ct. 2075, 29 L.Ed.2d 723, 733[8] (1971). Corroboration of the information through sources independent of the informant's report may come from innocuous matters if they tend to reduce the chances of the information being simply a rumor or a reckless or prevaricating tale. *Draper v. United States,* 358 U.S. 307, 312–313, 79 S.Ct. 329, 3 L.Ed.2d 327, 332[4] (1959); *State v. Wiley,* 522 S.W.2d 281, 288[12] (Mo. banc 1975).[2]

*Nathanson v. United States,* supra, 290 U.S. at 47, 54 S.Ct. 11, 78 L.Ed. at 162, holds that probable cause is not established by a complaint or affidavit for a search warrant which merely recites the affiant's belief there is cause to search without stating facts upon which the belief is based. "A fortiori this is true of an affidavit which states only the belief of one not the affiant." *Jones v. United States,* supra, 362 U.S. at 269, 80 S.Ct. at 735, 4 L.Ed.2d at 707[12].

As evidenced by the application and affidavit upon which the search warrant in this case was issued, the only stated basis for the prosecutor's and the investigator's belief that there was reason to search the premises in question, rested upon the hearsay belief and representation of an unidentified informant that "heroin is being held by Wynn Phillips [the defendant, whose real name is Leslie Wen Phillips] and Steve Newton in . . . Room 302, of the Holiday Inn, in Springfield."[3] The application and affidavit are devoid of any averments indicating that defendant or Newton was personally or by reputation known to the deposers or to the unidentified informant as being persons ever previously involved with heroin or other controlled sub-

**2.** Neither *Draper* nor *Wiley* was concerned with the validity of search warrants but with kindred issues as to whether "reasonable grounds" and "probable cause" existed for arresting without warrants. The arrest in *Draper* was based upon information coming to the arresting officers from a named

and known "special employee" of the Bureau of Narcotics. In *Wiley,* the arrests were based on two telephone tips given by an anonymous caller.

**3.** Newton was not at the motel when the search warrant was executed.

stances. Likewise, neither the application nor the affidavit purports to state any facts upon which the informant's belief was based. More importantly, and contrary to *Aguilar,* supra, the application and affidavit omit recitation of a declaration, if any, by the alleged informant (1) that he had himself seen or perceived the facts asserted, or (2) that his information was based on hearsay and that, based on recounted facts and circumstances, there was good reason for believing it. Unlike the complaint filed in *State v. Bradley,* 485 S.W.2d 408, 411 (Mo. 1972), it could not be reasonably certain to the magistrate in the instant cause, from a reading of the application and affidavit presented, that the unidentified informant spoke with personal knowledge and that his conclusion was not based on mere speculation or unfounded belief.

According to the application and affidavit, the only reasons given why credence should be accorded the tip was that deposers had "checked and found to be true" informant's recountings that he had in the past provided information or work to a narcotics unit,[4] that defendant was registered at the Holiday Inn, and that Newton lived in a certain house on Jean Street where described vehicles could be found parked. These representations do not contain any suggestion as to "the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were," *Aguilar,* supra, or why he concluded that defendant and Newton were in possession of heroin at the motel. The representations which were "checked and found to be true" were wholly collateral and innocuous matters as to the conclusion that a crime was probably being committed at the place stated. But granted, arguendo, these collateral and innocuous matters (terribly scant when compared to those relied on in *State v. Wiley,* supra) could serve some corroborative purpose, they would only corroborate informant's

truthfulness in the particular areas stated and that he was, generally, an honest and truthful person. However, if the informant's information (for all the issuing magistrate knew) was not based on his personal knowledge but was based on hearsay from yet another unknown and unidentified person, there was nothing presented by the deposers from which the issuing magistrate could find "reasonable grounds" or "probable cause" for crediting the hearsay. The warrant was improvidently issued and the judgment nisi is reversed.

All concur.

## APPENDIX

### "APPLICATION FOR SEARCH WARRANT

STATE OF MISSOURI, )
          ) ss.
COUNTY OF GREENE )
IN THE MAGISTRATE COURT OF GREENE COUNTY, MISSOURI

Charles LeCompte, being duly sworn, disposes [sic] and states there [sic] heretofore, to-wit: on the 13th day of April, 1974, in the County of Greene, State of Missouri, to [sic] following controlled substance, to-wit heroin is being held by *Wynn Phillips and Steve Newton* in the following described place: Room 302, of the Holiday Inn, in Springfield, Greene County, Missouri, and that facts personally known to this affiant which causes [sic] him to so believe that are that a reliable confidential informant who has in the past told me that he gave information to the Springfield Greene County Narcotics Unit which fact I checked and found to be true and who has in the past told me that *Wynn Phillips* was registered at the Holiday Inn in Springfield, Missouri which fact I checked and found to be true and has informed me and Clyde Angle, as further explained in the affidavit of Clyde Angle and attached to this Application for Search Warrant, that heroin was being held by *Wynn Phillips and Steve Newton* at the

---

   **4.** With no indication that the work or information provided the unit had proved reliable.

above described location. Wherefore this affiant prays that a search warrant for the search of the above premises and the seizure of heroin be issued by this court.

/s/ Charles LeCompte

Subscribed and sworn to before me this 13th day of April, 1974.

/s/ Louren G. Davidson
Magistrate Judge
Division 2
Greene County, Missouri"

"AFFIDAVIT FOR SEARCH WARRANT

Clyde Angle being duly sworn on his oath states as follows:

On 12 April, 1974, a reliable informant, who has in the past told me that Wynn Phillips had registered at the Holiday Inn in Springfield, Missouri, in Room 302 on 11 April, 1974, which information I checked and found to be true and who told me that he worked as an informant for the Springfield Greene County Narcotics Unit, which information I checked and found to be true, and who told me that Steve Newton lived in a house on Jean Street, Springfield, Greene County, Missouri, and described to me how to get to that house and told me it would be a white house and that either a tan Pontiac Firebird or a red Toyota would be parked in the driveway which information I checked and found to be true, and has told me that heroin was being held by Wynn Phillips and Steve Newton in Room 302 of the Holiday Inn, Springfield, Greene County, Missouri.

/s/ Clyde Angle
CLYDE ANGLE

Subscribed and sworn to before me this 13th day of April, 1974.

/s/ Louren G. Davidson
Magistrate Judge Div. 2
Greene County, Mo."