**STATE of Missouri, Plaintiff-Respondent,**

v.

**Kenneth C. WHITE, Defendant-Appellant.**

No. 29369.

Missouri Court of Appeals, Western District.

April 2, 1979.

Kevin Locke, Asst. Public Defender, Clifford A. Cohen, Public Defender, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SHANGLER, P. J., SWOFFORD, C. J. and WASSERSTROM, J.

PER CURIAM.

Direct appeal from conviction for manslaughter. Appellant was indicted for murder in the second degree, waived trial by jury, was tried by the court and upon conviction, was sentenced to ten years imprisonment. Motion for new trial timely filed and overruled.

Prior to trial, Appellant filed his motion to suppress physical evidence taken during the search of Appellant's residence. A full hearing was held on the motion and said motion was overruled.

One point is raised on appeal.

"POINTS AND AUTHORITIES I

THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE PHYSICAL EVIDENCE TAKEN FROM APPELLANT'S HOME ON JULY 15, 1976 AS THE WARRANT AUTHORIZING SUCH A SEARCH AND SEIZURE WAS NOT BASED UPON SUFFICIENT PROBABLE CAUSE AND THUS DENIED APPELLANT HIS RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 15 OF THE MISSOURI CONSTITUTION."

A careful review of the evidence in this case reveals that five items were seized during the search of Appellant's residence, those being an ax handle, a sheet, a blanket, a piece of mattress cover and a mop. During the search, photographs of the scene were also taken.

Solely upon the error alleged by Appellant, it might be concluded the decision would come within the purview of *State v. Phillips*, 532 S.W.2d 533 (Mo.App.1976). However, this case falls outside the scope of *State v. Phillips, supra,* as well as other federal and state decisions relating to unlawful search and seizure because in the instant case, none of the seized items or photographs were ever introduced into evidence.

Indeed, careful examination of the record discloses the only reference to any such items was one photograph identified by an Officer Kuhn. The identification followed the officer's testimony of his personal observation of the interior of Appellant's residence. Unlawfully seized items never introduced into evidence cannot serve as the basis to invalidate a criminal conviction. See *State v. Simone*, 416 S.W.2d 96 (Mo. 1967); *State v. Yowell*, 513 S.W.2d 397 (Mo. banc 1974).

There is one further matter to be resolved. The failure to object to the identification of the photograph and Appellant's failure to present this matter within the motion for new trial preserved nothing for review on appeal. *State v. Simone, supra; State v. Yowell, supra.*

The identification of the photograph by Officer Kuhn without objection, if anything, was mere cumulative evidence and was not prejudicial to Appellant so as to bring this case within Rule 27.20(c), commonly referred to as the plain error rule.

For the reasons set forth herein, the judgment is in all respects affirmed.