**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles MILLER, Defendant-Appellant.**

**No. 13639.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 10, 1985.

William L. Webster, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Joplin, for defendant-appellant.

GREENE, Judge.

Defendant, Charles Miller, was jury-convicted of first degree robbery, § 569.020,[1] and court-sentenced, after a finding that he was a "dangerous offender," § 558.016.4,[2] to 25 years' imprisonment.

On appeal, Miller contends the trial court erred in admitting evidence that he escaped from jail before trial because evidence of an escape is admissible only when it is shown that the escapee was in jail awaiting trial on the offense in question, and that no such proof was introduced.

This specific point was not raised through objection at time of trial, nor in motion for new trial. Although trial counsel objected to the escape testimony on the grounds that it was "irrelevant and immaterial," he did not say why. This general objection preserved nothing for appellate review. *State v. Cannady*, 660 S.W.2d 33, 36 (Mo.App.1983).

Miller next argues that the trial court erred in sentencing him to 25 years' imprisonment because a jury at his first trial on the robbery charge recommended a 20-year sentence, thus raising the presumption that the greater sentence was trial court retaliation for his having successfully attacked the first conviction.

In Miller's first trial, a motion for new trial was sustained because "bystander jurors were used." Prior to the first trial jury verdict, which came on September 22, 1983, the trial court, after hearing, found that Miller, who has four prior robbery convictions, was a "dangerous offender." This being so, sentencing was for the trial court, not the jury. § 557.036.2(2).[3] The first jury should not have been in-

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

2. RSMo Supp.1984.

3. RSMo Supp.1984.

structed that they could return an advisory verdict, but the fact that they were was not prejudicial. The jury's recommendation of a 20-year sentence was mere surplusage, *State v. Wood*, 662 S.W.2d 876, 878 (Mo. App.1983), and was not binding on the trial court.

For his final point, Miller claims the trial court erred in sentencing him as a "dangerous offender" because the court's findings on that issue were "not consistent with the facts pled," nor did the court find that Miller, or anyone acting with him, threatened anyone during the course of the robbery.

■ This contention was not raised in the trial court and is, therefore, not preserved for appellate review. Plain error review is urged by Miller, but is not justified as the record does not show that a miscarriage of justice or manifest injustice resulted from the trial court's sentencing him pursuant to the dangerous offender statute.

Section 558.016.4 defines a "dangerous offender" as one who:

(1) Is being sentenced for a felony during the commission of which he knowingly murdered or endangered or threatened the life of another person or knowingly inflicted or attempted or threatened to inflict serious physical injury on another person; and

(2) Has pleaded guilty to or has been found guilty of a class A or B felony or a dangerous felony.

■ Evidence before the trial court prior to its determination that Miller was a dangerous offender was that Miller and his accomplice, Barnes, during the course of the robbery, told the victim, a cashier at a convenience store in Joplin, Missouri, they would "blow her head off" if she did not cooperate, that Barnes displayed a pistol, that Miller told her he had a gun, and that Miller had a prior conviction for first degree robbery. These facts justified a finding that Miller was a dangerous offender.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.