**STATE of Missouri, Plaintiff-Respondent,**

v.

**Donald STUBENROUCH, Defendant-Appellant.**

**No. 49945.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 24, 1985.

Motion for Rehearing and/or Transfer Denied Jan. 21, 1986.

Application to Transfer Denied Feb. 18, 1986.

Debra Buie Arnold, Asst. Public Defender, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Donald Stubenrouch, was jury-tried and convicted of first degree robbery, § 569.020 RSMo 1978. The jury did not reach a verdict on the companion charge of armed criminal action. It has been dismissed. Defendant was sentenced as a prior and persistent offender to serve twenty years imprisonment. The judgment of conviction is affirmed.

Defendant's contentions of trial court error do not question the sufficiency of the evidence. Defendant relied on an alibi defense but did not testify. There was evidence from the testimony of the occurrence witness, Patricia Johnson, that defendant was a customer at the Fortune-Teller Tavern at approximately 8:30 a.m. on June 27, 1984. She did not know him by name but opened a locked door to permit him to enter because she recognized him as a regular customer. She returned to the bar and served him his usual drink, a beer. Prior to admitting defendant and afterward, she was counting money for a bank deposit. Defendant displayed a knife and ordered her to the basement of the bar. She ran through the basement to the outside of the bar and called the police. She testified that defendant had taken the money she was preparing for the bank deposit. Ms. Johnson described the robber to a police artist who completed a composite sketch. She also made two out of court identifications; an eighteen photograph display and a three person lineup. She identified defendant at both.

Prior to trial defendant filed a motion to suppress the out of court identification on grounds that circumstances surrounding the out of court identification were inherently suggestive, and that, as a result, any in-court identification would be fatally infected by the tainted out of court identification. On the day of trial, January 21, 1985,

defendant filed an Addendum to his Motion to Suppress Identification. This motion also alleged Ms. Johnson viewed a three person lineup under circumstances that were inherently suggestive, and conducive to mistaken identification. Neither of the motions to suppress identification were considered by the court before trial. On the day of trial the trial court sustained a motion in limine and prohibited the prosecutor from mentioning and requested the prosecutor to instruct his witnesses not to mention the following matters: (1) any identification photographs were not to be used or referred to as "mug shots"; (2) no mention was to be made of defendant's reputation or prior convictions; and, (3) no mention was to be made of any letters or correspondence received by Patricia Johnson because there was no proof that they had been sent by defendant or at his request.

At trial the state elected to offer the testimony of three police officers and a lay witness before calling Patricia Johnson as a witness. Detective Johnson testified that he and a fellow officer took eighteen photographs to the tavern in order to exhibit them to Patricia Johnson. One of the photographs was a picture of defendant previously identified by James Davis, a regular customer at the bar. Detective Johnson was not asked if she identified any photograph, but was permitted to testify that after the photographic lineup he returned to the district police station and directed another detective "to place a wanted." Detective Johnson did not testify for whom the "wanted" was placed. Defendant's cross-examination of Detective Johnson consisted of identifying each of the eighteen photographs with the age of the person photographed. This testimony revealed that only one photograph was of a man in his fifties. Defendant was forty-eight on the day of the crime. Detective Boedcker testified that Patricia Johnson viewed an in-person lineup involving the defendant and two others. He did not testify as to her identification of defendant. On cross-examination, he identified a photograph of the in-person lineup. He further

identified the individuals on the left and center in the photograph as police officers, and that the defendant was on the right.

Finally, James Davis testified that he was a regular customer at the Fortune-Teller Tavern but was not there on the day of the robbery. He viewed the sketch-type picture made from Patricia Johnson's description of the robber. He knew defendant's ex-wife and so gave defendant's name to Officer Mike Johnson. Mr. Davis was then asked, "Did Mike ever show you anything?" Answer, "Yes, well when I gave him the name he went to a drawer, he was familiar with the name apparently." Defendant immediately moved for a mistrial on the basis that this testimony constituted a violation of the court's order that neither the prosecutor nor his witnesses mentioned defendant's reputation or prior convictions. Out of the hearing of the jury, the court sustained an objection to this testimony but denied the mistrial on the basis that the testimony was not a direct violation of the motion in limine because it did not specify how the police officer was familiar with the name of defendant.

Patricia Johnson, the occurrence witness, was then called to testify. On the day in question, one customer appeared between 8:00 and 8:30 a.m.. When asked to identify that person she responded, "I didn't know him by name then but now I know him as Donald Stubenrouch." After this answer and out of the hearing of the jury, the defendant renewed his objection to identification testimony based on his unruled motion to suppress. He repeated objections that he made to testimony relating to identification of the defendant by the earlier witnesses. Although not ruling on the motion to suppress identification the court overruled the objection. For some unexplained reason, the court expressed the view that ruling on the motion to suppress identification was premature, and reserved judgment on the motion until the evidence was all in. Patricia Johnson then testified to the further events of the robbery and the court recessed for lunch.

During a noonday recess, the court looked at the photographs viewed by Patricia Johnson and announced that it would sustain the motion to suppress evidence of the identification and exclude the lineup identification. The court found that it was not a true line-up because the photographic comparison was highly prejudicial to the defendant who was much older than the other individuals pictured. It is unclear from the record if the court's order was to exclude only evidence of the in-person line-up or if it also included the photographic display. Because previous identification testimony was before the jury defendant's counsel withdrew his request to suppress the out of court lineup identification. He stated for the record that he was not withdrawing the motion because it was without merit but was rejecting the remedy or relief the court was then offering in sustaining the motion. "In view of the testimony that has gone on yesterday and already said in court in this trial, not because I don't think the motion is warranted but I am withdrawing it, nothing else." No request was made to strike previous testimony nor for a mistrial on the grounds that evidence had been offered which would not have been available to the state if the motion to suppress identification had been ruled before trial.

Defendant's principal claim of error combines a complaint that the court abused its discretion in allowing testimony of "non-occurrence witnesses" before offering testimony of Patricia Johnson the occurrence witness. Testimony relating to identification of the defendant occurred before the court considered and sustained defendant's pretrial motion to suppress identification. These are presented under a single claim of error. Although related, they are separable. Both may have been prevented by a pretrial ruling on the motion to suppress identification which was considered and sustained by the court during a court recess and after all of the testimony came in over objection. There appears to be no reason why the motion was not considered and ruled before trial. When the court made its ruling it was too late to remove the identification testimony from the jury. However, no request to strike or motion for mistrial was then made by defendant. Contrawise, counsel for defendant then withdrew the motion, not because it was felt to be without merit but because the ruling when made had no practical benefit to the defendant. The evidence which the motion sought to prevent was already in evidence when the trial court sustained the motion.

■ Although defendant alludes to the order in which the witnesses testified the real objection is to when the motion to suppress identification was ruled with reference to the previous identification testimony. We reject defendant's claim that the state must prove the corpus delicti with an occurrence witness before offering non-occurrence testimony. It is not necessary that the corpus delicti be proved in any particular order at trial. The fact that the proper elements are established during the course of the trial is sufficient. *State v. Smith*, 681 S.W.2d 518, 522 (Mo.App.1984). The order of proof at trial is left to the good sense and discretion of the trial court. *State v. Cameron*, 604 S.W.2d 653, 657 (Mo.App.1980).

■ The defendant's objections to the testimony of witnesses prior to the testimony of Patricia Johnson were not based upon the true ground that such testimony, or some of it, should be excluded until the motion to suppress lineup identification was considered and ruled on. Defendant relied only on an objection that the testimony of the witnesses relating to identification should not be permitted until after the witness who made the identification had testified and established the events of the robbery, and the identification of the defendant. It was not the order or sequence of the witnesses but the nature of their testimony while the motion to suppress the out of court identification was still pending which troubled defendant. After reorganizing the composite claim of error into its various elements, we have determined that there is no preserved error which preju-

diced the defendant either because of the sequence of the evidence or because identification testimony came in which would not have been admitted if the evidentiary sequence had been reversed.

No prejudice resulted for several reasons. First, defendant's motion to suppress identification was based upon the premise that Patricia Johnson did not know and could not identify the defendant except by reference to a photographic lineup which was highly prejudicial. This is not supported by the evidence. Patricia Johnson was a "knowledgeable" witness with regard to identifying the defendant who was a regular customer before the robbery and who was observed for an extended period during the time of the robbery. On these facts, out of court identification was not so inherently suggestive and conducive to mistaken identification as to remove the probative effect of the in-court identification. She had known the defendant before the robbery. Nothing happened after the robbery to "taint" her identification made on that basis.

Secondly, when the court sustained the motion to suppress the out of court identification to the photographic lineup defendant elected to withdraw the motion. For this reason, the out of sequence witnesses and their testimony relating to the out of court identification was no longer a source of reversible error.

■ Thirdly, defendant did not ask to strike the testimony of any witness based upon the court's finding and ruling on the motion to suppress identification nor was there a request for mistrial on that ground. Defendant elected to proceed after withdrawing the motion and without requesting any further relief and may not now challenge the verdict of the jury on the basis that the evidence was before the jury. An objection and a proper request for relief is a predicate to examination on appeal of matters arising at trial. *State v. Evans*, 639 S.W.2d 820, 822 (Mo.1982).

■ Defendant's remaining point challenges the court's refusal to grant a mis-trial requested after each of two witnesses gave testimony which defendant claims violated the trial court's pretrial order sustaining a motion in limine. We find this contention not supported by the record.

The court ordered the prosecutor to instruct the state's witnesses not to refer to photographs of defendant as "mug shots." Patricia Johnson testified that she went to the police station and looked through mug shots or pictures in books furnished by the police. However, she did not identify the defendant to have been pictured in the mug shots. The motion in limine also ordered that the state's witnesses be instructed not to mention defendant's reputation or prior convictions. James Davis went to the police station and told Officer Mike Johnson the last name of the person that he believed Patricia Johnson described to be the robber. When asked if Officer Johnson then showed him anything, Davis said, "Yes, well when I gave him the name he went to a drawer, he was familiar with the name apparently." We do not find this testimony to be a violation of the court's order on defendant's motion in limine. The statement does not refer, directly or indirectly, to defendant's reputation or a prior conviction. Further, the court sustained an objection to the testimony, and overruled the request for mistrial. The trial court is in the best position to determine, what, if any, impact allegedly prejudicial statements had on the jury. *State v. Williams*, 664 S.W.2d 226, 228 (Mo.App.1983). The motion for mistrial is addressed to the sound discretion of the trial court. *State v. Gilmore*, 681 S.W.2d 934, 943 (Mo. banc 1984), and will not be disturbed on appeal unless there is an abuse of discretion. *State v. Lee*, 654 S.W.2d 876, 879 (Mo. banc 1983). There was no connection made for the jury between Officer Johnson's familiarity with the defendant's name and the defendant's reputation or prior convictions.

The judgment of conviction is affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.