Donald STUBENROUCH, Appellant,

v.

STATE of Missouri, Respondent.

No. 53036.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 22, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
May 25, 1988.

Application to Transfer Denied
July 26, 1988.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted of robbery in the first degree and sentenced to twenty years. After this court denied his direct appeal, *State v. Stubenrouch*, 702 S.W.2d 926 (Mo. App.1985), movant filed a Rule 27.26 motion for postconviction relief. An evidentiary hearing was held on October 17, 1986 and the motion was denied on April 13, 1987. Movant appeals this denial, claiming that the court erred in failing to find: (1) he was denied effective assistance of counsel because his trial attorney failed to litigate a meritorious motion to suppress pretrial identification and withdrew the motion during trial; (2) he was denied effective assistance of counsel and his right of confrontation under the sixth amendment because he was hearing impaired at the time of trial; and (3) he was denied effective assistance of counsel because his counsel failed to fully investigate and present witnesses supporting the fact that movant's "double" had been seen in the area of the crime.

When reviewing the decision in a Rule 27.26 case, we may only determine whether the motion court's findings, conclusions, or judgment were clearly erroneous. Counsel is presumed effective and thus movant bears a heavy burden of proof in such cases. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986); *Thomas v. State*, 665 S.W.2d 621, 624 (Mo.App.1983). To find ineffective assistance of counsel, movant must show that his attorney did not provide reasonably effective assistance and that he was prejudiced by this lapse. *State v. Harvey*, 692 S.W.2d 290, 292 (Mo.

banc 1985); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984). Ineffective assistance of counsel will not lie where the conduct involves the attorney's use of reasonable discretion in a matter of trial strategy, and it is the exceptional case where a court will hold a strategic choice unsound. *Porter v. State*, 682 S.W.2d 16, 19 (Mo.App.1984). Similarly, for a constitutional error to require relief under Rule 27.26 it must be so glaring as to substantially deprive the movant of a fair trial. *Hanson v. State*, 684 S.W.2d 337, 339 (Mo.App.1984).

Movant's first point claims ineffective assistance in counsel's treatment of line-up identification evidence. Movant's attorney filed a motion to suppress this identification prior to trial, but the court refused to rule on the motion until after the trial commenced. Because evidence surrounding the line-up was already before the jury when the court finally sustained the motion, movant's counsel withdrew the motion on the theory that it would be more effective if he were able to cross-examine the police officers concerning the line-ups and to discredit the identification before the jury. The motion court found that counsel's conduct fell within the parameters of trial strategy and was thus not error under Rule 27.26. The decision to forgo a motion to suppress in favor of another issue is clearly a matter of trial strategy. *Jackson v. State*, 537 S.W.2d 211, 214 (Mo.App.1976). Consequently, we cannot hold that the trial court's findings on this point were clearly erroneous.

Moreover, we have previously determined on direct appeal that movant suffered no prejudice from the identification testimony introduced at trial. The victim knew movant before the robbery. Nothing which occurred thereafter served to taint her in-court identification. If an in-court identification is reliable, it will not become invalid due to a tainted out-of-court identification. *State v. Robinson*, 641 S.W.2d 423, 427 (Mo.banc 1982).

Movant's second contention is that he was denied effective assistance and his con-

stitutional right to confrontation because he was unable to hear the trial proceedings. Movant's counsel was aware prior to and at the time of trial that movant suffered a hearing impairment. At the trial, however, movant wore a hearing aid powered by a new battery. At the evidentiary hearing, movant testified that he was unable to hear the trial testimony and that he contemporaneously informed counsel of that fact. Counsel, however, testified that movant made no such complaint to himself or to anyone else and that he was able to freely communicate with movant throughout the trial. The motion court found that movant made no complaint about his hearing and that he failed to show any prejudice from his alleged failure to hear.

The credibility of a witness is a matter for the motion court. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986); *Johnson v. State*, 615 S.W.3d 502, 505 (Mo.App. 1981). Consequently, we are bound by the motion court's finding of fact that movant made no complaint about his hearing. In view of this conclusion, movant has certainly not met his burden of proving either ineffective assistance of counsel or a constitutional deprivation. The cases movant cites in his brief are not persuasive in that they involve situations where the defendant was clearly unable to understand the proceedings and the attorney was aware of that fact. *Ferrell v. Estelle*, 568 F.2d 1128 (5th Cir.1978); *State v. Staples*, 121 N.H. 959, 437 A.2d 266 (1981).

■ Movant's final point is that his counsel was ineffective in not investigating and not using reports that various people had seen a man who closely resembled movant. Three of movant's acquaintances, on separate occasions, viewed a man whom they at first mistook for movant. All of these sightings were in public places. None of the observers knew where to find the "double" although they all were willing and available to testify at trial. Movant requested his attorney to call these three witnesses and to post an investigator at a bus stop where the "double" had been seen. Counsel or his investigator did contact the witnesses, but, he did not pursue

the matter after legal research convinced him such evidence would be incompetent.

"[E]vidence which can have no other effect other than to cast a *bare* suspicion on another, or to raise a conjectural inference as to the commission of the crime by another is not admissible." *State v. LaRette*, 648 S.W.2d 96, 103 (Mo.banc 1983). In *State v. Allen*, 684 S.W.2d 417 (Mo.App. 1984), this court refused to let the defense present evidence that a man who looked similar to defendant and who had committed prior sex offenses was seen in the area on the day of the crime. Absent evidence connecting the man to the crime, the similarities could not be presented for the sole purpose of suggesting that the man, and not defendant, may have been the perpetrator. Id. at 423. Thus, it is clear that in the case at bar the existence of movant's "double" would not have been admissible for this purpose and the witnesses would not have been allowed to testify.

■ Nevertheless, movant argues that discoverable evidence, a photograph, could have been used to impeach the victim's identification and consequently counsel was ineffective in not attempting to locate the double. When an ineffective assistance claim rests on an allegation of inadequate investigation, the movant "must show that a fuller investigation would have uncovered evidence which would have improved his trial position and that he was deprived of substantial evidence by counsel's neglect." *Thomas v. State*, 665 S.W.2d 621, 624 (Mo. App.1983). Movant's contention is based upon sheer speculation: that a photograph of the unknown "double" could have been obtained and that it would have cast doubt upon the victim's identification of movant, a known customer of the bar where victim worked. Movant has not shown any legitimate use of the evidence which would have had a substantial effect on the trial. Additionally, movant has not produced any evidence of prejudice. We find nothing that supports a finding of ineffective assistance of counsel and thus we do not find the motion court's holding erroneous.

The trial court's judgment is affirmed on all counts.

SATZ, C.J., and SIMEONE, Senior Judge, concur.