Charles **MILLER**, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

**No. 15613.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 7, 1988.

---

Jim Lynn, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Sp. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Charles Miller was jury-convicted of first degree robbery, § 569.020,[1] and was court-sentenced as a dangerous offender, § 558.016.4, to 25 years' imprisonment as punishment for the crime. His conviction was affirmed on appeal. *State v. Miller*, 699 S.W.2d 140 (Mo.App.1985).

Miller later filed a motion to vacate his conviction and sentence, pursuant to Rule 27.26,[2] which motion, after amendment, alleged, among other things, that Miller was denied effective assistance of counsel because trial counsel failed to object to in-court identification testimony presented by complaining witness Teresa Perry Blankenship. Teresa was the cashier on duty at a convenience store when a robbery occurred. As a part of her testimony at trial, Teresa identified Miller as one of the two persons who committed the robbery.

An evidentiary hearing was held on the issues raised in the motion to vacate, after which the motion court made written findings of fact and conclusions of law, and entered judgment denying relief.

On appeal, Miller's sole point relied on is the contention that the trial court erred in denying his motion to vacate because Miller's conviction resulted from ineffective assistance of trial counsel. Miller alleges that his trial counsel's failure to object to Teresa's in-court identification testimony, which he says was based upon suggestive police procedures and was, therefore, unreliable, resulted in his conviction being obtained through the use of inadmissible evidence, in violation of his constitutional rights.

The motion court had before it, as a part of the record, the transcript of the hearing on a motion to suppress identification testimony, as well as the trial transcript. Based upon its examination of those exhibits, the motion court found the following facts to be true:

(1) The robbery with which Defendant/Movant was charged occurred at a Fastrip Store at 32nd and Findley Streets in Joplin, Newton County, Missouri at approximately 7:30 p.m.; (2) The store was well lit with florescent tube lighting, running the length of the store; (3) The period [of] time during which Defendant and his co-defendant were in the store was from eight to seventeen minutes; (4) Neither Defendant nor his co-defendant wore any kind of facial covering or other disguise; (5) Defendant first confronted Teresa J. Perry, the person in charge of the store, in the rear office area of the store where she had been taken and directed to remain. During such confrontation, while face to face, Defendant touched Teresa's breast; (6) After being removed by co-defendant Barnes from the office area to operate the cash register, Defendant returned to the front of the store and continued in Teresa's view during the time she was

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

2. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 29.15(m), Missouri Rules of Criminal Procedure (19th ed. 1988).

required to wait on customers and during the time Defendant sacked up cigarettes taken in the robbery; (7) Immediately following the robbery, Teresa gave a description of Defendant to the police as a male with blond hair, kind of long and about shoulder length, clean shaven, wearing a black shirt of some sort with a maroon colored sweater type sweat shirt over it, and blue jeans and kind of orangy colored cowboy boots; (8) Teresa arrived at the Joplin Police Station at about 2:15 a.m. the morning following the robbery; (9) Inside the police station, while being taken to view the suspect, Teresa passed through another room where she observed some clothing items. She identified the clothing as items that had been worn by the two subjects who robbed her; (10) Defendant was being fingerprinted and was surrounded by police officers when she identified him; (11) About three days later deputy Matthews showed Teresa a couple of photographs, one of which she identified as Defendant/Movant.

From these findings of fact, the motion court concluded:

The prompt showing of a suspect to a witness in a one-on-one viewing is not necessarily improper. *State v. Bynum*, 680 S.W.2d 156; 158 (Mo. banc 1984). Even if the police procedures are considered to be impermissibly suggestive, the reliability of the in-Court identification must be given consideration. In determining reliability, the Court looks at the 'totality of the circumstances' including: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *State v. Sanders*, 621 S.W.2d 386, 389 (Mo.App.1981). Applying these principles, the Court finds that the motion to suppress identification was properly overruled.

In addition, the motion court found that Miller took the stand in his own defense and admitted that (1) he went to the convenience store with his codefendant on the night in question; (2) his codefendant had a weapon; (3) he filled two grocery sacks with cigarettes and did not pay for them; (4) he pumped gas for the car he and codefendant were riding in and did not pay for it; and (5) as the duo left the store, the codefendant said something that "kind of pertained to I'll blow your head off." From this, the motion court concluded:

The privilege against self-incrimination can be waived. *Smith v. United States*, 337 U.S. 137, 93 L.Ed. 1264, 69 S.Ct. 1000 [1949]. When a witness voluntarily testifies, the privilege against self-incrimination is amply respected without the need of accepting testimony freed from the antiseptic test of the adversary process. The witness himself, certainly if he is a party, determines the area of disclosure and therefore the inquiry. *Brown v. United States*, 356 U.S. 148 [155], 2 L.Ed.2d 589, 597, 78 S.Ct. 622 [627 (1958)]. Movant, by his own testimony, waived any issue as to the pretrial identification. The point is overruled.

The motion court also concluded that Miller failed to carry his burden of proof that his trial counsel was ineffective.

Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j).

The standard for reviewing claims of ineffective assistance of counsel was set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), wherein the court said:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as (the counsel) guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This

requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

In order for Miller to show that trial counsel's performance was deficient because he failed to object to the witness' identification testimony, he must demonstrate in what manner the trial lawyer's failure to object prejudiced him. *Brown v. State*, 512 S.W.2d 404, 407 (Mo.App.1974). He has not done so. The motion court's findings of fact on which it based its conclusion that the in-court identification was reliable, and that the motion to suppress was properly overruled, are supported by the record. Defense counsel has no duty to object to the introduction of evidence which the law considers admissible, so a failure to so object cannot be considered as a basis for establishing incompetency of trial counsel. *Wilkinson v. State*, 461 S.W.2d 283, 286 (Mo.1970); *Parcel v. State*, 687 S.W.2d 621, 624 (Mo.App.1985); *Shaw v. State*, 686 S.W.2d 513, 516 (Mo.App. 1985).

Since the in-court identification testimony of Teresa was admissible, failure by trial counsel to object to it could not have possibly resulted in any prejudice to Miller. Therefore, we need not decide the question of whether the act of Miller in taking the stand and admitting his presence in the store at the time of the robbery constituted a waiver of his right to complain on the identification issue.

The findings, conclusions, and judgment of the motion court are based on substantial evidence and are not clearly erroneous.

JUDGMENT AFFIRMED.

HOLSTEIN, C.J., and CROW, P.J., concur.