STATE of Missouri,
Plaintiff–Respondent,

v.

William Kurt MINTON,
Defendant–Appellant.

No. 53888.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 26, 1989.

Stormy B. White, Asst. Public Defender, Laurence G. Schmidt, Public Defender, Hillsboro, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Appellant, William Kurt Minton, appeals from his convictions for assault in the first degree, kidnapping and two counts of armed criminal action, and from the denial of his Rule 29.15 motion after an evidentiary hearing. Appellant was sentenced to fifteen years for kidnapping and three consecutive life terms on the other counts.[1] We affirm.

The facts, viewed in a light most favorable to the verdict, are as follows:

---

1. The record reflects a discrepancy in appellant's sentencing. The transcript shows the trial court sentenced appellant in accordance with the verdicts returned by the jury on each count, with the kidnapping submitted as count one, armed criminal action as counts two and four, and assault first degree as count three.

The formal written entry of appellant's sentence, however, transposes the crimes denominated in counts one and three, and sentences appellant to fifteen (15) years on count one for assault first degree, and life imprisonment on count three for kidnapping. We direct *sua sponte* that the clerical error in the written sentence be corrected to reflect that appellant was sentenced to fifteen (15) years on count one for kidnapping and life imprisonment on count three for assault first degree. In all other re-

On August 4, 1985, appellant approached the victim, Marciano Payan, on the parking lot of the 1886er Club in Fairmont City, Illinois. Appellant asked the victim if he had any marijuana. When the victim told him he did not, appellant stated he wanted some for some girls. The victim glanced away; and, as he turned back, appellant pulled a gun from his pocket and identified himself as a police officer. The victim was thrown against a car, handcuffed, and placed in the back seat of his own car.

Appellant drove the victim approximately three or four blocks where they met three other men sitting in a white Pontiac Sunbird automobile. One of the men, Michael Watson, got into and drove the victim's car while appellant moved to the back seat. The other two men, Bill Skinner and Roy Walters, followed in the Sunbird.

The group proceeded to the Illinois Stockyards where they hid the victim's car. All five men now rode in the Sunbird. They drove to a remote location in Jefferson County, Missouri where they stopped. Appellant, Watson and the victim got out of the car and walked down a hill. Appellant had a Winoka diving knife with an orange handle and a serrated edge, and Watson carried a rifle.

Appellant instructed the victim to kneel down with his head over a metal box. Watson was going to shoot the victim, but appellant was concerned someone would hear the noise. Watson told appellant to use the knife. Appellant then slashed the victim's throat.

The victim pretended to be dead. As soon as he heard the car drive away he got up and stumbled away from the site. He heard dogs barking so he headed for the noise and found a house where he obtained help.

The victim was taken to St. Anthony's Hospital. When he arrived he had lost 40% of his blood volume due to hemorrhaging and he was in shock. The doctor found a laceration of the neck which had gone through the fatty tissue and muscle down to the voicebox.

Appellant and the others returned to the spot where they had left the victim to be sure he was dead, at which time they discovered he was gone. They saw lights come on in a nearby house and left the scene. They drove to East St. Louis where they abandoned the Sunbird. At that time, appellant gave the Winoka diving knife and a set of handcuffs to Roy Walters.

Appellant went home and told his wife of some of the events that had taken place. Appellant and Bill Skinner went to Champaign, Illinois, in order to establish an alibi. They remained in Champaign until they were arrested. The knife was seized from Walter's residence and admitted at trial.

Appellant filed a Rule 29.15 motion on June 10, 1988. Counsel was appointed and an amended motion was filed August 11, 1988. The cause proceeded to an evidentiary hearing after which the trial judge entered findings of fact and conclusions of law, overruling appellant's 29.15 motion in all respects.

Appellant's only point on direct appeal is that the trial court erred in admitting the knife because it was not obtained from appellant and it was not sufficiently identified at trial. We disagree.

■ A trial judge is given wide latitude in determining whether evidence should be admitted or excluded. *State v. Clark*, 711 S.W.2d 928, 932 (Mo.App.1986). Absent clear abuse of discretion an appellate court will not interfere with a trial court's ruling on the admission or exclusion of evidence. *Id.* A defendant has the burden of proving both error and prejudice when the claimed error is in the reception of evidence. *State v. Lantigua*, 652 S.W.2d 177, 178 (Mo.App. 1983).

The record shows that the victim identified appellant as the man who slashed his throat. State Exhibit No. 2 was a Winoka diving knife with a serrated edge and orange handle. The victim identified this knife as being similar to the one appellant used. After committing the crime, appellant gave the knife he used to Roy Walters. The knife admitted at trial was seized from

spects, the written sentence and judgment    stands.

Walter's residence. Finally, appellant testified that he owned a similar Winoka diving knife although he was uncertain if the one introduced at trial was actually his.

■ The general rule is that it is error to admit weapons which are not connected with defendant or the crime and which do not possess probative value. *State v. Cross*, 699 S.W.2d 51, 54 (Mo.App.1985). The evidence is admissible, however, if the weapon is found in the possession of the defendant, or one of his criminal associates, and although not specifically identified as the one actually used, is similar in form or character thereto, or the circumstances of the finding justify an inference that the weapon was possibly used. *State v. Hughes*, 596 S.W.2d 723, 728 (Mo. banc 1980).

■ Under this standard of review, we find there was no error in admitting the knife into evidence. Appellant used a knife similar to the one admitted at trial and even testified that he owned one like it. The victim also identified the knife as being similar to the one used. The knife was found in the residence of a co-participant.

■ Moreover, appellant was not prejudiced. The evidence against him was strong. He was positively identified by the victim, and appellant himself admitted at trial that he used a knife like the one admitted into evidence in kidnapping and assaulting the victim. Appellant's point is, therefore, denied.

Appellant also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. He alleges his trial attorney was ineffective for failing to prepare, present and argue a meritorious motion to suppress the confession appellant made to the police after his arrest. Counsel made an oral motion to suppress, but the motion was withdrawn by counsel with appellant's consent.

Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Burroughs v. State*, 773 S.W.2d 167, 169 (Mo.App.1989). We reverse only if a review of the entire record leaves us with a firm impression that the motion court has erred. *Id.*

■ Ineffective assistance of counsel is only found when appellant demonstrates that his attorney did not provide reasonably effective assistance and appellant was thereby prejudiced. *Stubenrouch v. State*, 752 S.W.2d 327, 328 (Mo.App.1988). Counsel will rarely be considered ineffective where the conduct complained of involves trial strategy because it is only under exceptional circumstances that a court will determine a strategic choice was unsound. *Id.*

■ The motion court determined that appellant's motion to suppress would have been meritless. Appellant's confession was not made in violation of his constitutional rights. He was informed of his rights prior to questioning and stated that he was not sure if he should have an attorney present. This "request for an attorney" was ambiguous, equivocal and was subsequently withdrawn when appellant stated he wanted to tell the police what had happened.

Appellant's burden is a heavy one. He must not only show that counsel's performance was deficient, which he has failed to do, but he must also demonstrate in what manner this deficiency prejudiced him. *Miller v. State*, 760 S.W.2d 166, 168–169 (Mo.App.1988). There was no demonstration of prejudice. Admission of the confession was consistent with the defense's theory of the case. Appellant did not deny the crime; he was seeking to minimize his culpability by introducing mitigating factors. Appellant testified at trial regarding his participation in the crime; and, if the confession had any effect, it served to bolster his testimony relating to such mitigation. We fail to see how suppression of the confession would have benefitted the appellant. Point denied.

The judgment of the trial court is affirmed.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.