Jerome DOWNS, Appellant,

v.

STATE of Missouri, Respondent.

No. 56366.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 17, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 16, 1990.

Application to Transfer Denied
June 19, 1990.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Movant appeals the denial of his Rule 27.26 motion after a hearing. We affirm.

Movant was convicted of three counts of capital murder and sentenced to consecutive terms of life imprisonment with no possibility of parole for fifty years. §§ 565.001, 565.008.1 RSMo.1978. His conviction was affirmed on direct appeal. *State v. Downs*, 593 S.W.2d 535 (Mo.1980). On September 16, 1987, movant filed his pro se motion for post-conviction relief pursuant to Rule 27.26 (repealed 1/1/88). Counsel was appointed and an amended motion was filed on August 4, 1988. An evidentiary hearing was held on December

1 and 27, 1988, and the motion was denied on January 25, 1989. Movant appeals this denial.

The standard of review for a Rule 27.26 motion is limited to determining whether the motion court's findings of fact, conclusions of law, or judgment are clearly erroneous. Rule 27.26(j); *Stubenrouch v. State*, 752 S.W.2d 327, 328 (Mo.App.1988). To prevail on an ineffective assistance of counsel claim, a movant must show not only that his trial counsel's performance was deficient but also that the complained-of deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sidebottom v. State*, 781 S.W.2d 791, 795 (Mo. banc 1989). It is not enough to show that asserted errors may conceivably have had some effect on the outcome; rather, movant must affirmatively prove a reasonable probability that but for counsel's unprofessional performance the outcome would have been different. *Id.* at 796. Movant must also overcome the strong presumption that counsel's conduct fell outside the wide range of discretion allowed in matters involving trial strategy. *State v. Minton*, 782 S.W.2d 134, 137 (Mo.App.1989).

Movant raises four points on appeal. The first alleges trial counsel was ineffective in improperly bolstering co-defendant Willie Hardin's testimony before he testified. Officer Thieme, one of the main investigating officers, testified on direct about the events leading up to movant's indictment. On cross-examination, trial counsel attempted to elicit several contradictory statements made by Willie Hardin, one of movant's co-defendants, concerning the identity of the trigger man. Movant claims this line of questioning improperly bolstered Hardin's subsequent testimony by lending to it a police officer's credibility, and opened the door for the State to prompt further information concerning Hardin's identification of movant. Movant states he was prejudiced because Hardin was the state's key witness and his credibility was subject to doubt.

The motion court found that "... it [was] obvious that counsel was engaged in

impeachment effort, by pointing out to the jury Hardin's initial denial and placing blame on others and then changing the story at trial." We discern no error in the motion court's findings in this regard. Trial counsel testified that the basic trial strategy was alibi because movant denied complicity. Hardin's identification weighed against that, so counsel wished to discredit Hardin. This clearly was trial strategy. Pointing out that an adverse witness has related different versions of the incident and that he has a motive, in this case a lenient sentence in return for his testimony, is certainly an appropriate tactic. Projecting skepticism upon a witness' credibility before the witness takes the stand, by planting doubt in the minds of the jurors as they listen to the already impeached testimony, is more effective than later efforts to erase its impact by subsequent impeachment. The contention that the cross-examination of Officer Thieme bolstered the testimony of Hardin reflects hindsight rather than poor trial strategy. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Moreover, Hardin's testimony was but one link on a long chain of evidence establishing movant's complicity in the murders. The evidence, set forth in detail in *State v. Downs,* 593 S.W.2d 535 (Mo.1989) and which need not be repeated here, strongly supported the finding of movant's guilt without consideration of Hardin's testimony. After review of the trial transcript we discern no reasonable probability that the outcome of the trial was affected by the cross-examination of Officer Thieme. Point denied.

■ Movant next asserts trial counsel was ineffective in failing to cross-examine Hardin concerning a pretrial statement that someone named Tony Phillips was the gunman. At the evidentiary hearing movant testified that Tony Phillips told him that Hardin had told the police that Phillips was a participant in the murders. Phillips had been arrested but, according to movant, was released when police investigation disclosed he was in school at the time of the offense. Movant claimed he told his trial counsel of Hardin's accusation of Phillips, but counsel testified he had no recollection of the name Tony Phillips. He went on, however, to say that he thought Hardin implicated Angelo Hughes as the trigger man, and he cross-examined Hardin at length about not only that but numerous other inconsistencies.

The motion court found no ineffective assistance because movant offered no evidence, other than his own testimony, that Hardin accused Phillips of the crime. We defer to the motion court's determination of credibility on this point and find no error. We also note, as did the Supreme Court on movant's direct appeal, that counsel interrogated Hardin at length about his multifarious accounts of the events of January 27, 1978. *State v. Downs,* 593 S.W.2d at 541. Movant has failed to show prejudice even if the statement about Phillips was made. The fact that more questions might have been asked does not demonstrate ineffective assistance. *Toney v. State,* 770 S.W.2d 411, 413 (Mo.App.1989). Point denied.

Movant's third point asserts error in finding trial counsel was not ineffective for not preserving for review movant's post arrest statements to Willie Hardin.

■ At trial, counsel filed a motion to suppress statements made by movant in a "confrontation" with Willie Hardin at the Pine Lawn police station. According to the officers who testified at trial, Hardin and movant passed in the hall at the police station. Hardin told movant to confess to the murders, and movant reportedly replied, "Don't tell on me Willie, don't do this to me, don't do this to me." Movant asserted at trial that what he said was "stop lying on me." Counsel filed the motion to suppress because he thought the confrontation was "staged" and that therefore the statements were inadmissible. Counsel testified the motion was denied because the statements were found to be spontaneous and not the product of an in-custody interrogation. He thereafter felt he had little choice but to forego the motion and present evidence of movant's exculpatory statements and the circumstances surrounding the events at the police station.

"The decision to forego a motion to suppress in favor of another issue is clearly a

matter of trial strategy." *Stubenrouch*, 752 S.W.2d at 328. Furthermore, counsel has no duty to object to admissible evidence. *Plant v. State*, 781 S.W.2d 245, 247 (Mo.App.1989). Failure to object amounts to ineffective assistance of counsel only if a movant is denied the right to a fair trial, and trial tactics will not support such a denial. *Barnett v. State*, 776 S.W.2d 928, 929 (Mo.App.1989). We find no error in the motion court's conclusions that counsel's actions were trial strategy. Point denied.

Movant's final point urges he should be allowed to assert an equal protection challenge because all blacks were struck from the venire which comprised his jury. He asserts that the St. Louis County prosecutor's office has a history of striking disproportionate numbers of blacks from juries, and a failure to address this "grave constitutional violation strikes at the heart of the post-conviction rules [sic] purpose of correcting constitutional errors."

■ The motion court found that the standards of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) did not apply because movant's cause was concluded six years before *Batson* was decided. Movant acknowledges that *Batson* has no retrospective application but urges us to find systematic exclusion of black jurors from criminal juries in St. Louis County under *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). No such contention was alleged in movant's amended motion, and no evidence in support of such a contention was presented to the motion court. It is asserted for the first time on appeal. Contentions not raised in the post-conviction motion, or tried by the implicit consent of the parties at the time of the evidentiary hearing, are not reviewable for the first time on appeal. *Young v. State*, 770 S.W.2d 243, 245 (Mo. banc 1989).

The judgment is affirmed.

HAMILTON, P.J., and STEPHAN, J., concur.