STATE of Missouri, Plaintiff-Respondent,

v.

Phillip AMBROSIO, Defendant-Appellant.

No. 43753.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 19, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 19, 1982.

Application to Transfer Denied May 17, 1982.

Donald L. Wolff & Mark G. Ellebrecht, Wolff & Frankel, Clayton, for defendant-appellant.

George A. Peach, Circuit Atty., Mary Patricia Schroeder, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a conviction in a jury-waived case of possession of less than 35 grams of marijuana, § 195.020, RSMo 1978. Appellant was fined $100 and sentenced to 15 days in the City of St. Louis jail. The execution of the sentence was suspended and appellant placed on probation for one year.

The sole issue is whether the trial court improperly denied appellant's motion to suppress evidence of the marijuana. Appellant argues first that the search warrant by authority of which the marijuana was seized, failed to comply with § 542.271, RSMo 1978,[1] the statute listing the authorized subjects of a search warrant, and was therefore invalid. Appellant further maintains the warrant was invalid because the affidavits supporting the warrant were not sufficient to establish probable cause. The judgment is affirmed.

On December 11, 1979, St. Louis City police obtained a warrant to search appellant's home located at 7208 Virginia, St.

---

1. All statutory references are to RSMo 1978.

Louis, Missouri. The warrant authorized a search for "certain photographs, films, and videotapes depicting children less than seventeen years old engaging in prohibited sexual acts, real or simulated, in violation of Section 568.060 RSMo 1978."

The police submitted two affidavits in support of the warrant. Affiant police officer Paul Rea swore that, on December 7, 1979, in the course of being properly in appellant's home Officer Rea saw movie making equipment, about twenty cassette-type rolls of film, and six or eight photographs depicting young boys engaged in sexual activity. Officer Rea affirmed that appellant appeared in three of the photos engaging in sexual relations with a child. The photographs were taken inside. The houses across the street from appellant's house were depicted through the windows in the background of two of the pictures.

In the second affidavit the affiant police officer, Michael McCraw, swore that James Jackson, a resident of 3717 Virginia, told McCraw that appellant had shown Jackson videotapes of young boys engaged in sexual activity and the film equipment that appellant used to make these recordings. Jackson told McCraw that appellant asked Jackson to help him in these endeavors, but that he, Jackson, had refused. Jackson had knowledge of appellant's activity throughout much of 1979. The last time Jackson viewed one of the tapes was in August of 1979.

On December 13, 1979 the police executed the warrant. In the course of searching appellant's home, the officers found a quantity of marijuana. No films, photographs, or videotapes were found. Appellant was charged with possession of less than 35 grams of marijuana, in violation of § 195.-020.

Appellant moved pretrial to suppress the marijuana evidence, arguing that the warrant was facially invalid. The court denied the motion. At the close of all pretrial hearings, appellant waived his right to a jury trial and submitted the case to the court on the basis of the evidence adduced at the hearings. The court found appellant guilty.

Appellant first charges the trial court erred in failing to grant his motion to suppress the marijuana evidence because the search warrant which led to the seizure of the marijuana was invalid because it authorized a search for "mere evidence." Appellant's point is denied.

The warrant authorized a search for a device or substance used as a means for committing a felony under § 542.271, the statute describing objects and property for which a search warrant may be issued. Section 542.271 reads in part:

"Warrant may issue to search for certain items or a copy or photograph of certain items.—1. A warrant may be issued to search for and seize, or photograph or copy any of the following, but not including private papers or business records:

(1) Property which has been stolen or acquired in any other manner declared an offense by chapters 569 and 570, RSMo; or

(2) Any weapon, tool, device, or substance which has been used as means for committing a felony . . . ."

In the case under review, the suspected felony was child abuse, § 568.060. Section 568.060.1(b) provides:

"A person commits the crime of abuse of a child if he . . .

(b) Photographs or films a child less than seventeen years old engaging in a prohibited sexual act or in the simulation of such an act or who causes or knowingly permits a child to engage in a prohibited sexual act or in the simulation of such an act for the purpose of photographing or filming the act. . . ."

The criminal activity is photographing or filming the act or permitting the act for the purpose of photographing or filming. The warrant authorized a search for "photographs, films, and videotapes. . . ." The only possible subsection of § 542.271 that would authorize such a warrant would be § 542.271.1(2). The subsection authorizes a warrant for the search or seizure of "[a]ny

weapon, tool, device, or substance which has been used as a means for committing a felony . . . ."

■ It is arguable whether a finished photograph has a sufficient nexus to the act of photographing to be considered an instrumentality of the act. However, a photographer must use film or videotape in order to perform the act of photographing. Film and videotape, therefore, are substances used to commit the act and are proper subjects of a search warrant. The warrant, therefore, met the requirements of § 542.271 at least to the extent that it authorized a search for film and videotape. It was not an invalid authorization of a search for "mere evidence." Appellant's first point is ruled against him.

Appellant's second point is that the trial court erred in concluding that the warrant was valid because the warrant was based on the hearsay evidence of an informant whose reliability was not sufficiently established. This point is also ruled against appellant.

■ Probable cause necessary to issue a search warrant exists when reliable facts and circumstances presented to the magistrate are sufficient to warrant the belief by reasonable men that an offense has been or is being committed. The standard is to be applied in a practical and non-technical manner. *State v. Bradley*, 485 S.W.2d 408, 411[6, 7] (Mo.1972); *State v. Phillips*, 532 S.W.2d 533, 535 (Mo.App.1976). It is clear that hearsay can be a proper basis to establish probable cause if there is a substantial basis for crediting the hearsay. *United States v. Harris*, 403 U.S. 573, 581, 91 S.Ct. 2075, 2081, 29 L.Ed.2d 723 (1971); *Jones v. U. S.*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960); *State v. Wing*, 455 S.W.2d 457, 460[1–5] (Mo.1970), *cert. denied* 400 U.S. 1009, 91 S.Ct. 566, 27 L.Ed.2d 621 (1971).

■ A substantial basis for believing hearsay is established if the affidavit shows that the informant gleaned the information through personal observation and if the informant's statements are corroborated through other sources. *United States v.*

*Harris, supra; Jones v. United States, supra* 362 U.S. at 271, 80 S.Ct. at 736. It is unnecessary to establish the past reliability of the informant. *United States v. Harris, supra* 403 U.S. at 581–582, 91 S.Ct. at 2081.

■ In this case Officer McCraw's affidavit clearly established that Jackson received his information through his personal dealings with appellant. Officer Rea's affidavit corroborates Jackson's story in that the movie equipment, the film cassettes, and photographs that Rea saw established that appellant participated in such photographic activity in his own house. This court finds a substantial basis for crediting Jackson's hearsay statements.

■ A second problem, however, is the remoteness of Jackson's information. Jackson at best stated appellant was photographing children three months prior to the issuance of the warrant. Such information standing alone might not have established probable cause to believe such activity was presently occurring on the premises or that films or videotapes of such activity were on the premises. *Durham v. United States*, 403 F.2d 190, 195[7] (9th Cir. 1968); *United States v. Cofer*, 444 F.Supp. 146, 150[4–6] (W.D.Tex.1978). *See* Annot. 100 ALR 2d 525 (1965).

However, the recent observations of Rea supported the conclusion that appellant continued to engage in this activity and that film or videotape used in the activity remained on the premises. When the allegations in the affidavits indicate long term, continuous illegal activity at a particular place the remoteness of some of the information will not render the information unreliable. *United States v. Brinklow*, 560 F.2d 1003, 1006 (10th Cir. 1977), *cert. denied* 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978); *United States v. DiMuro*, 540 F.2d 503, 516[23, 24] (1st Cir. 1976), *cert. denied* 429 U.S. 1038, 97 S.Ct. 733, 50 L.Ed.2d 749 (1977); *United States v. Nilsen*, 482 F.Supp. 1335, 1339[3] (D.N.J.1980). This court holds that the two affidavits were sufficient to establish probable cause. The warrant was valid.

The police searched appellant's home pursuant to a valid warrant and found the marijuana within the permissible scope of the warrant. The court, therefore, properly denied appellant's motion to suppress and properly admitted the marijuana into evidence.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.