Robert Harry PLANT, Appellant,

v.

STATE of Missouri, Respondent.

No. 54467.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 12, 1989.

Michael Lee Henderson, Clayton, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Robert Plant, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted by a jury of second degree burglary, RSMo § 569.170 (1986) and stealing, RSMo § 570.030 (1986). Movant was sentenced as a persistent offender to two consecutive fifteen year terms. This court affirmed his convictions on appeal. *State v. Plant*, 691 S.W.2d 1 (Mo.App., E.D.1985). In this appeal movant alleges that the motion court erred in not finding ineffective assistance of counsel.

Initially, we note the standard of review employed in evaluating movant's claim of error. Our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Wooten v. State*, 776 S.W.2d 453, 454 (Mo.App., E.D.1989). In order to prove ineffective assistance of counsel, movant must not only show that trial counsel's performance failed to rise to the level of reasonable professional standards, but also that the alleged ineffective assistance affected the outcome of the trial. *Id.* We must next evaluate movant's claims in light of these principles.

Movant claims that his trial counsel was ineffective in failing to include certain bases for suppression and exclusion of evidence in his motion to suppress. The evidence seized pursuant to the search warrant in question had been stolen from a nearby I.G.A. grocery store. Movant advanced two claims of ineffective assistance of counsel based on this warrant.

Movant first claims that his counsel was ineffective in failing to include an allegation that the affidavit of the victim, Russell Peterson, upon which the warrant was partially based, contained "false statements made with reckless disregard for the truth." The motion court found, however, that no evidence existed that Russell Peterson made a false statement in his affidavit. In addition, movant's allegation was conclusory in nature. We do not find this to be clearly erroneous.

Movant next asserts that the affidavit of Officer Boyd Haddock was defective in that it included no substantial basis for Haddock's belief in the credibility or reliability of Russell Peterson's statements. In support of this argument, movant cites *State v. Ambrosio*, 632 S.W.2d 262 (Mo. App., E.D.1982). In *Ambrosio*, this court held that a warrant based on hearsay from an informant is valid where the affidavit shows that the informant gleaned the information through personal observation and if the informant's statements are corroborated through other sources. *Ambrosio*, 632 S.W.2d at 265. *Ambrosio* does not apply to the case at bar, however.

The test set out in *Ambrosio* is used to insure that hearsay statements of an informant are reliable and to reduce the chances of reliance on a reckless or prevaricating tale. *Illinois v. Gates*, 462 U.S. 213, 242–245, 103 S.Ct. 2317, 2334–35, 76 L.Ed.2d 527 (1982); *State v. Cummings*, 765 S.W.2d 366 (Mo.App., S.D.1989). In the case at bar, we are not dealing with the hearsay statements from a mere informant. Russell Peterson was the victim of the crime committed and filed his own affidavit

stating that he observed his stolen property in a van located at the Pike County Sheriff's office. The great concerns of reliance on a reckless or prevaricating tale that exists where a mere informant is involved is lacking here. There was, thus, no error.

 Movant next claims that he received ineffective assistance of counsel because his counsel failed to object to the introduction of the customer copy of a rental agreement for the van from which the stolen merchandise was recovered. Movant claims that the rental agreement was hearsay which did not fall under any exception to the hearsay rule. We disagree.

This case is very similar to *State v. Berns*, 502 S.W.2d 364 (Mo.1973). In *Berns*, the State introduced an Avis Truck Rental Agreement of a truck found with stolen merchandise from a 3M plant in St. Louis County. The Avis station manager testified that the rental agreement was created every time a truck was rented and testified as to who was listed as the lessee of the truck in question. The court held the record was admissible pursuant to RSMo § 490.680 (1969). *Berns*, 502 S.W.2d at 367.

In the instant case, Fred Robinson, who had assisted in renting the van to the defendant, testified that information in the agreement was the same type required for every transaction. Robinson also testified to the type of information provided in the agreement and that the agreements were prepared in the standard course of business. Finally, Robinson testified that the agreement was made near the time of the act and was signed by the movant as the lessee. The agreement was, therefore, admissible. Counsel has no duty to object to admissible evidence and failure to do so does not establish ineffective assistance of counsel warranting postconviction relief. *Newman v. State*, 751 S.W.2d 93, 96 (Mo. App., S.D.1988). Point denied.

Movant finally argues that the trial court erred in not finding ineffective assistance of counsel in failing to impugn Robinson's credibility with a prior conviction for a sexual offense. At the trial, several other witnesses testified and linked movant to the van containing the stolen goods. In addition, the rental agreement for the van contained the movant's signature as lessee. It is unnecessary for this court to judge counsel's performance where the record indicates that the movant is not prejudiced. *Davis v. State*, 748 S.W.2d 698, 700 (Mo. App., E.D.1988). As Robinson's testimony was cumulative, no prejudice occurred.

Affirmed.

DOWD and CRIST, JJ., concur.