Lisa P. Page, Chief Judge
Spring Rieser ("Rieser") appeals the trial court's judgment entered upon a jury verdict convicting her of one count of second-degree burglary pursuant to Section 569.170 RSMo (2016).[1] We affirm.
BACKGROUND
In the early morning hours of June 23, 2016, Jeffrey Webb was awakened by his garage light in his home. The light was off and the garage door was secured with a bolt the previous evening. Since the light switch was inside the garage, Webb investigated and discovered Rieser. He told her to come out and would not allow her to leave the premises while he called the police. Webb did not know Rieser and had not given her permission to be in his garage. Webb immediately noticed several missing items,[2] all of which he had secured *454 in the garage the previous evening after finishing work. He did not observe Rieser remove any of the items from the garage nor was she in possession of them when he discovered her in his garage.
Rieser was charged with and found guilty of, one count of second-degree burglary. She was also charged with but found not guilty of one count of receiving stolen property. The present appeal follows.
DISCUSSION
Rieser asserts two points on appeal. First, she claims the trial court erred entering judgment on the jury's conviction of second-degree burglary because there was insufficient evidence to support the verdict. Second, she claims the trial court erroneously prohibited her from cross-examining Webb about his prior experience with his neighbor, Brendan O'Day.
Point I - There was Sufficient Evidence to Support Conviction
In her first point on appeal, Rieser claims the trial court erred entering judgment on the jury's conviction of second-degree burglary. Rieser argues the evidence was insufficient to support the required element of intent to steal.
Standard of Review
We review a claim of insufficient evidence to support a conviction to determine whether the State presented sufficient evidence from which a trier of fact could have reasonably found a defendant guilty of the charged crime. State v. Allen , 508 S.W.3d 181, 186 (Mo. App. E.D. 2017) (internal citations omitted). We review the evidence and inferences therefrom in the light most favorable to the verdict, and we ignore all evidence and inferences to the contrary. Id.
Analysis
Pursuant to Section 569.170.1, a person commits the offense of second-degree burglary when she "knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." The intent to commit a crime is an essential element of burglary. Allen , 508 S.W.3d at 186 (citing State v. Gibbs , 306 S.W.3d 178, 181 (Mo. App. E.D. 2010) ). This element separates the crime of trespass in the first degree from second-degree burglary. Id. Circumstantial evidence of such intent alone can be sufficient to support a conviction. Id. Thus, "[t]he State is not required to prove that the defendant actually committed the intended crime inside the building." Id. (citing State v. Leonard , 490 S.W.3d 730, 738 (Mo. App. W.D. 2016) ).
Rieser relies on J.N.C.B. v. Juvenile Officer , 403 S.W.3d 120 (Mo. App. W.D. 2013), claiming the mere evidence of her presence in the garage, without more, is insufficient to prove the intent necessary to support a conviction for second-degree burglary. However, the evidence distinguishes this matter from J.N.C.B.
In J.N.C.B. , a motion alarm was triggered in a closed school building at approximately 7 p.m. Id. at 123. A patrol officer, responding to the alarm, discovered a door of the building propped open by a rock. Id. He and another officer entered the building and heard laughter, noise, and a "ruckus" inside. Id. They encountered three juveniles, including J.N.C.B., in the building and took them into custody. Id. The building contained valuable property, including computers and furniture, but nothing was removed. Id. Moreover, none of the juveniles had any property in their custody. Id.
*455 The Western District concluded that absent additional indicia of guilt, such as forced entry, flight, weapons, tools, or the movement of valuable items within the building, the permissive inference allowed from the mere unlawful entry of a defendant into a building containing valuable items is insufficient to prove the required intent to support a conviction for second-degree burglary. Id. at 126-27. In J.N.C.B. , the court reversed the disposition of the juvenile court, concluding no such additional evidence of J.N.C.B.'s intent to steal was elicited; therefore, the juvenile officer failed to prove that element beyond a reasonable doubt. Id. at 129.
Unlike J.N.C.B. , there are critical, distinguishing facts in the present case: Rieser's presence in the garage of someone she did not know in the middle of the night; the actual removal of valuable items from that garage; and the fact the items had been secured in the garage only hours before Rieser was discovered. Viewing the totality of the circumstances and evidence, in the light most favorable to the jury's verdict, we find there was sufficient evidence from which the trier of fact could reasonably infer Rieser entered Webb's garage with the intent to steal, thus supporting a conviction for burglary in the second degree. Therefore, the trial court did not err entering judgment on the jury's verdict finding Rieser guilty of second-degree burglary. Point one is denied.
Point II - The Trial Court did not Err in Prohibiting Cross-Examination
In her second and final point, Rieser claims the trial court erred in sustaining the State's objection to her cross-examination of Webb regarding his previous history with his neighbor Brendan O'Day who Webb previously alleged stole from him. Rieser argues there was sufficient evidence to connect O'Day to the crimes with which she was charged to make the pattern relevant.
Standard of Review
If the State's objection to proffered evidence is sustained, the defendant must make an offer of proof to preserve the issue for our review. State v. Jones , 546 S.W.3d 1, 9 (Mo. App. E.D. 2017) (quoting State v. Nettles , 481 S.W.3d 62, 71 (Mo. App. E.D. 2015) ). An offer of proof establishes what the evidence will be, the purpose of such evidence, and each fact required to establish the admissibility of the evidence. Id. (quoting State v. Tisius , 92 S.W.3d 751, 767 (Mo. banc 2002) ). However, a party may be excused from the requirement of an offer of proof when there is a complete understanding from the record what the excluded testimony would have been, the objection relates to a category of evidence rather than specific testimony, and the record shows the evidence would have helped its proponent. Id. (quoting Nettles , 481 S.W.3d at 71 ). This exception is applied very narrowly. Id.
Rieser acknowledges she did not make an offer of proof regarding the excluded testimony but she claims there were sufficient facts adduced from Webb's testimony prior to the objection to show the relevance of the purported cross-examination, sufficiently preserving the issue for our review. However, we find the record in this case does not present a complete understanding of the excluded testimony. Thus, the issue was not preserved for our review.
We will review the issue for plain error under Rule 30.20, which states we may, in our discretion, consider plain errors affecting substantial rights if we find manifest injustice or miscarriage of justice results from such errors. Jones , 546 S.W.3d at 11 ; Rule 30.20.
*456 Analysis
At trial, counsel for Rieser questioned Webb on cross-examination about a prior incident when he called the police because he believed O'Day stole items from Webb's porch. Counsel asked if Webb had problems with O'Day in the past, and the State objected. The trial court sustained the State's objection.
Generally, with the proper foundation, a defendant may introduce evidence that another person committed the offense if the probative value is not outweighed by the potential prejudice. State v. Bowman , 337 S.W.3d 679, 686 (Mo. banc 2011). "When the evidence is merely that another person had opportunity or motive to commit the offense, or the evidence is otherwise disconnected or remote and there is no evidence that the other person committed an act directly connected to the offense, the minimal probative value of the evidence is outweighed by its tendency to confuse or misdirect the jury." Id. (citing State v. Barriner , 111 S.W.3d 396, 400 (Mo. banc 2003) ).
Here, the evidence of O'Day's history with Webb was properly excluded. While Webb testified at trial to a prior incident when he called the police because he believed O'Day was stealing from his porch, he did not testify that O'Day was present in the garage or even in the area at any point surrounding the charged crime. There was simply no evidence presented at trial connecting O'Day to this specific burglary, directly or otherwise. Thus, testimony concerning any previous "problems" between O'Day and Webb would have only served to confuse or misdirect the jury. See Bowman , 337 S.W.3d at 686 ("When the evidence is merely that another person had opportunity or motive to commit the offense, or the evidence is otherwise disconnected or remote and there is no evidence that the other person committed an act directly connected to the offense , the minimal probative value of the evidence is outweighed by its tendency to confuse or misdirected the jury.") (emphasis added). As a result, the trial court did not err, plainly or otherwise, in excluding the testimony. Point two is denied.
CONCLUSION
The judgment of the trial court is affirmed.
Philip M. Hess, J., and Darrell E. Missey, Sp. J., concur.

All further statutory references are to RSMo (2016).

The missing items were the tools he used as a flooring contractor, the garage door opening mechanism, a weed eater, an electric-powered four-wheeler, and a gas-powered remote control car.