

# Missouri Court of Appeals
### Southern District
### Division Two

STATE OF MISSOURI,                  )
                                    )
                  Respondent,       )
                                    )
  vs.                               )  No. SD35877
                                    )
DALE E. CATER, JR.,                 )  FILED: October 7, 2019
                                    )
                  Appellant.        )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable David C. Jones, Judge

**<u>AFFIRMED</u>**

Having secured their garage the night before, a couple awoke to find signs of forced entry. They discovered a bike moved out of the garage, storage containers rummaged through, likewise for the car's glovebox, and Appellant still in the car. Caught by surprise, Appellant said something about being hired to clean the car, then slugged the homeowner, who restrained Appellant until police arrived.

Because Appellant did not testify at trial, it is unknown why he had acted in the nude.[1] At any rate, jurors convicted him of burglary and related charges from which he now appeals, raising two points.

### Point 1 – Intent to Steal

Appellant claims there was insufficient evidence that he intended to steal, so he committed only trespass, not burglary. We disagree. Larcenous intent could

---

[1] His clothes and cell phone were found outside the smashed-open garage door.

be proved circumstantially and inferred from the forced entry and chattel disturbances summarized above. ***State v. Rieser***, 569 S.W.3d 452, 454 (Mo.App. 2018); ***State v. Allen***, 508 S.W.3d 181, 186-87 (Mo.App. 2017). Point denied.

## Point 2 – Closing Argument

Defense counsel argued in closing (as here) that Appellant only trespassed in the garage because there was no proof that he intended to steal. In rebuttal, the prosecutor responded that "in the defendant's version where he's only guilty of a trespass because he didn't intend to steal anything, he went inside the garage for what? We haven't really heard a reason." The defense objected and this colloquy followed outside the jury's hearing:

> [DEFENSE COUNSEL]: Before we go any further, I thought we were getting really close to commenting on his right to not testify. I think things were said that would put the burden back on him – the hypothetical question – the comment that was made about why he was there, question mark. I think it puts the burden on Mr. Cater, and so I would object for that reason and ask for a mistrial.

> THE COURT: I don't think we crossed that line. I agree that I can see how you would be concerned it was heading that way. I don't think [the prosecutor] was deliberately trying to cross the line. I'm going to deny your motion for mistrial.

> But be careful on that line.

> [PROSECUTOR]: I do understand.

Point 2 charges that the trial court abused its discretion in denying a mistrial. Again we disagree. As in ***State v. Cummings***, 765 S.W.2d 366, 368-70 (Mo.App. 1989), the prosecutor's words here neither directly nor indirectly referred to Appellant's trial silence, but posed a rhetorical question: If defense counsel says his client wasn't in the garage to steal, then why *was* he there, moving a bike out of the garage, and rifling through storage containers and the car's glovebox?

Prosecutors have considerable leeway to rebut defense closing arguments, even if the comment otherwise may have been improper. ***State v. McFadden***, 391 S.W.3d 408, 422 (Mo. banc 2013). This comment was not otherwise improper

and the court did not abuse its discretion in ruling as it did.  We deny Point 2 and affirm the judgment and convictions.


DANIEL E. SCOTT, P.J. – OPINION AUTHOR

JEFFREY W. BATES, C.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS