

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,        )
                                      )
        Plaintiff-Respondent,    )
                                      )
v.                              )        No. SD38315
                                      )
                                      )        Filed: **October 31, 2024**
MATTHEW TODD TETMEYER,    )
                                      )
        Defendant-Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Margaret Palmietto, Judge

### **AFFIRMED**

Matthew Todd Tetmeyer ("Defendant") appeals his conviction for violating an order of protection under §455.085.[1]  On appeal, Defendant alleges that the trial court erred in refusing to admit evidence regarding a separate restraining order obtained by Defendant's mother, S.T.  Finding no error, we affirm.

### **Facts and Procedural History**

Defendant was charged with the class A misdemeanor of violating an order of protection against his father, J.T.  A bench trial was held on October 18, 2023.  Before

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016 as amended through May 24, 2023, the day of the alleged incident.

testimony began, a copy of the certified docket sheet and certified order of protection at issue, demonstrating that Defendant had consented to the order, were admitted into evidence.

Three witnesses testified at trial: Defendant's mother ("S.T."), an officer with the Springfield Police Department ("Officer"), and Defendant. S.T. testified that on May 24, 2023, Defendant arrived at her address ("Protected Address"), and remained in the driveway attempting to talk to his girlfriend. S.T. testified that at that time, J.T. had an order of protection which prohibited Defendant from being at the Protected Address.

On cross-examination, Defense Counsel asked S.T. about an order of protection that she had obtained against Defendant. Defense Counsel asked if her order was obtained on the same date as J.T.'s order. The State objected that the matter was irrelevant, and Defense Counsel responded that it was relevant to Defendant's knowledge of violating the protective order at issue. The trial judge sustained the objection.

Officer then testified that he responded to a call from the Protected Address regarding an order of protection violation. When Officer arrived and arrested Defendant, Defendant told Officer that he believed the order of protection had expired.

During his testimony, Defendant admitted that he was present in the driveway of the Protected Address. Defense Counsel asked Defendant if he was aware of a different, previous order of protection against him, and the State again objected on relevancy grounds. Defense Counsel responded that the other order was relevant to explain the statement the police officer testified to Defendant making. The trial judge sustained the objection on grounds that S.T.'s order of protection was irrelevant.

After Defendant testified that a judge never told him that he could be at the Protected Address, Defense Counsel again attempted to inquire about the separate order of protection:

| | |
|---|---|
| [Defense Counsel:] | Was that hearing for that order of protection only in regards to your father? |
| [Defendant:] | It was both for my mother and my father at the time. |
| [Defense Counsel:] | So there were two orders of protection ordered on that date? |
| [Defendant:] | Yeah, there was two orders of protection at the same time, same date. |
| [Defense Counsel:] | Back at the time of the arrest, were both of them active? |
| [Defendant:] | Actually, I do not know if it was active at all until (indiscernible). |
| [The State:] | Objection, Your Honor. I'm going to ask that that be struck. We've already discussed that it is not relevant if he had another order of protection with another individual. We've been over this, and it's irrelevant what he may or may not have had with his mother at that time. We are here about an order of protection with his father. |
| [Defense Counsel:] | . . . [I]t is directly relevant to the knowledge aspect of this crime he has to have knowingly violated it. As he has already testified that's not been objected to is that at the exact time that the order of protection against his father was entered, there was one entered in regard to his mother. That one . . . was dropped a few months later which would lead to confusion about whether there was an order of protection actually active at that time. |
| . . . . | |
| [Judge:] | Well, I don't think that the second order of protection against a third person is relevant. What's relevant is whether the order of protection that's at question in this case was in effect at the time, and a – and an order of protection with another person I don't think is relevant to this matter. |
| [Defense Counsel:] | It goes directly to his knowledge to knowingly violate an order of protection and whether he knew that one was in place, and this existence of the other one ordered at the exact same time, literally the same timestamp, and then that was later dropped, |

with the exact same conditions, I believe creates confusion about whether he could knowingly – he knew of its – of it being currently in place.

. . . .

[Judge:]                I'm going to sustain the objection.

The trial judge ultimately found Defendant guilty of the class A misdemeanor of violation of an order of protection. This appeal followed.

## Standard of Review

The parties disagree as to the applicable standard of review in this case. Defendant argues that his point was properly preserved for appeal. The State contends that Defendant failed to make an offer of proof regarding the disputed evidence and therefore the matter was not preserved.

The proponent of evidence must make a sufficient offer of proof to preserve a claim of improperly excluded evidence. *State v. Michaud*, 600 S.W.3d 757, 761 (Mo. banc 2019). "An offer of proof is required to demonstrate to the [circuit court] what the rejected evidence would show, educating the [circuit court] as to the admissibility of the proffered testimony, and allowing the [circuit court] to consider the testimony in context." *Id.* at 761-62 (quoting *State v. Hillman*, 417 S.W.3d 239, 244 n.3 (Mo. banc 2013)). "Offers of proof must show what the evidence will be, the purpose and object of the evidence, and each fact essential to establishing admissibility." *Id.*

"[A] party may be excused from the requirement of an offer of proof when there is a complete understanding from the record what the excluded testimony would have been, the objection relates to a category of evidence rather than specific testimony, and the record shows the evidence would have helped its proponent." *State v. Rieser*, 569 S.W.3d 452, 455 (Mo. App. E.D. 2018) (citing *State v. Jones*, 546 S.W.3d 1, 9 (Mo.

4

App. E.D. 2017) and ***State v. Nettles***, 481 S.W.3d 62, 71 (Mo. App. E.D. 2015)); *see also* ***State v. Williams***, 724 S.W.2d 652, 656 (Mo. App. E.D. 1986) ("The lack of a formal 'offer of proof' fails to constitute a basis to sustain a conviction when the offered testimony . . . has been identified and its relevance is explained."). Because the record in this case is sufficient to allow this Court a complete understanding of the proffered evidence, we find that Defendant's detailed opposition to the State's objections at trial were sufficient to preserve the issue for review.

"The trial court has broad discretion to exclude or admit evidence at trial. This Court will reverse only upon a showing of a clear abuse of discretion." ***State v. Schachtner***, 611 S.W.3d 885, 890 (Mo. App. S.D. 2020) (quoting ***State v. Shockley***, 410 S.W.3d 179, 195 (Mo. banc 2013)). "In a bench trial, the court is given more latitude in the admission of evidence." ***State v. Coaston***, 609 S.W.3d 527, 528 (Mo. App. S.D. 2020) (internal citations omitted). Even if this Court finds the trial court abused its discretion, we will only reverse if the error was "so prejudicial that it is a reasonable probability that the error affected the outcome and deprived the defendant of a fair trial." ***State v. Martin***, 388 S.W.3d 528, 535 (Mo. App. S.D. 2012) (citing ***State v. Kemp***, 212 S.W.3d 135, 145-46 (Mo. banc 2007)); *see also* ***Schachtner***, 611 S.W.3d at 890.

### Analysis

Defendant does not contest the sufficiency of the evidence to support his conviction, but instead argues that the trial court's exclusion of testimony regarding the restraining order obtained by S.T. was in error. Defendant alleges that the evidence was necessary to present a complete defense and was therefore relevant.

"The general rule in Missouri is that evidence must be both logically and legally relevant in order to be admissible." *Schachtner*, 611 S.W.3d at 890 (quoting *State v. Tisius*, 92 S.W.3d 751, 760 (Mo. banc 2002)). "Evidence is logically relevant if it tends to make the existence of a material fact more or less probable." *State v. Anderson*, 76 S.W.3d 275, 276 (Mo. banc 2002) (citing *State v. Smith*, 32 S.W.3d 532, 546 (Mo. banc 2000)). "Legal relevance weighs the probative value of the evidence against its costs – unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or cumulativeness." *Id.* at 276 (citing *State v. Sladek*, 835 S.W.2d 308, 314 (Mo. banc 1992)). Logically relevant evidence will be excluded if its costs outweigh its benefits. *Id*.

Where the defendant is permitted to demonstrate his theory of the case through other evidence and testimony, evidence is not erroneously excluded. *State v. Allen*, 597 S.W.3d 420 (Mo. App. E.D. 2020). In *Allen*, the defendant was convicted of first-degree murder and armed criminal action. *Id.* at 426. On appeal, the defendant argued that the trial court erred in excluding evidence of another shooting committed by Victim. *Id.* The defendant argued that this evidence would have demonstrated investigators' failure to develop other suspects aside from the defendant. *Id.* The defendant alleged that this evidence was essential for the defendant to present his theory that someone else killed the victim. *Id.* at 428. The court held that, as the defendant was permitted to cross-examine an investigator about his investigation and exclusion of other potential suspects, the excluded evidence would have been cumulative and of low probative value. *Id.*

Having reviewed the record, we find that the trial court did not abuse its discretion by excluding additional evidence of S.T.'s separate order of protection.

Whether S.T. had previously had an order of protection against Defendant was not relevant to the ultimate question of whether, on the date charged, Defendant violated a separate order of protection as to J.T.  Given the low probative value of the testimony regarding S.T.'s order of protection, any such value would have been outweighed by its potential to confuse the issues.  *Allen*, 597 S.W.3d at 428.  Further, Defendant was permitted to introduce evidence in support of his theory that he did not knowingly violate the order of protection as to J.T., in part through Officer's testimony that Defendant said he "believed that that order of protection had expired already," and in part through his own testimony that there were two orders of protection issued at the same time.  Defendant has failed to show why the omission of the excluded evidence, particularly in light of the record already before the trial court, changed the outcome of his trial or denied him a fair trial.

## Conclusion

The trial court's judgment is affirmed.


MATTHEW P. HAMNER, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DON E. BURRELL, J. – CONCURS